1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| PATRICK COLLINS, INC., a California Corporation,<br><br>                             Plaintiff,<br><br>   vs.<br><br>JOHN DOES 1 through 34,<br><br>                        Defendants. | CASE NO. 3:12-CV-1474-GPC-BGS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEVER AND DISMISS FOR MISJOINDER**<br><br>[DKT. NO. 10, 15] |

17
18
19
20
21

      On October 18, 2012, Defendant John Doe "X" ("Defendant X") filed a motion to dismiss for misjoinder. (Dkt. No. 10.)  On November 5, 2012, Defendant John Doe "30" ("Defendant 30") filed a motion to sever and dismiss all Defendant Does.  (Dkt. No. 15.)  For the following reasons, the Court **GRANTS** Defendants' motion to sever pursuant to Federal Rules of Civil Procedure 20 and 21.

22

### Background

23
24
25
26
27
28

      This is an action for copyright infringement.  Plaintiff Patrick Collins, Inc. ("Plaintiff" or "Patrick Collins") is the owner of United States Copyright Registration Number PA0001788533 (the "Registration") for the motion picture entitled "Best New Starlets 2012" (the "Work").  (Dkt. No. 1 ("Compl.") at 2.)  Plaintiff alleges that Defendants used a software program called BitTorrent to download and upload copies of the Work over the internet.  (Id.

at 3-4.)  Plaintiff alleges that each Defendant installed a BitTorrent Client onto his or her computer.  (Id.)  The BitTorrent Client is a software program that implements the BitTorrent protocol and allows users to transmit data over the internet.  (Id. at 3.)  BitTorrent is a peer-to-peer file sharing protocol which operates by having users simultaneously upload and download pieces of a given file.  (Id.)  Once an individual has downloaded every piece of the sought-after file, the BitTorrent Client reassembles the pieces and the user is able to utilize the file; in this case, view the movie.  (Id. at 6.)[1]

An IP address is a number that is assigned by an Internet Service Provider ("ISP") to devices, such as computers, that are connected to the internet.  (Id. at 2.)  Plaintiff claims that the ISP to which an internet user subscribes can correlate the user's IP address to the user's true identity.  (Id.)  Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that used BitTorrent to reproduce and distribute the Work.  (Id. at 6.)

On June 18, 2012, Plaintiff brought this action against the undetermined Doe users of the IP addresses identified by IPP, alleging copyright infringement and contributory infringement pursuant to 17 U.S.C. §§ 106 and 501.  (Id. at 7-8.)  Plaintiff seeks injunctive relief to prevent further unauthorized distribution as well as at least $150,000 in damages per defendant.  (Id. at 10.)  Plaintiff asserts that joinder of all Defendants is proper because

---

[1] The BitTorrent protocol has been more thoroughly summarized as follows:

In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."

The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865, 2011 WL 3100404, at *1-2 (N.D. Cal. May 31, 2011).

1  Defendants all participated in reproducing the same file, the Work, over BitTorrent.  (Compl.

2  at 6.)  Pending before this Court are Defendant X's motion to dismiss for misjoinder, Defendant

3  Y's motion for protective order, and Defendant 30's motion to dismiss all Defendants. (Dkt.

4  Nos. 8, 10 and 15.)  The Court first turns to the issue of dismissal.

5  **Discussion**

6  **I.      Legal Standard**

7        Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to

8  relief is asserted against them jointly, severally, or in the alternative with respect to or arising

9  out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

10 question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

11 20(a)(2).  Rule 20(a)(2) is designed to promote judicial economy and trial convenience.  See

12 Mosley v. Gen. Motors, 497 F.2d 1330, 1332-33 (8th Cir. 1974).  "The 'same transaction'

13 requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that

14 arise out of a systematic pattern of events' and have a 'very definite logical relationship.'"

15 Hubbard v. Hougland, No. 09-0939, 2010 U.S. Dist. WL 1416691, at *7 (E.D. Cal. Apr. 5,

16 2010) (quoting Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000)).  In

17 addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does

18 not necessarily establish a common question of law or fact." Coughlin v. Rogers, 130 F.3d

19 1348, 1351 (9th Cir. 1997).

20       However, "even once [the Rule 20(a)] requirements are met, a district court must

21 examine whether permissive joinder would 'comport with the principles of fundamental

22 fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Company, 232

23 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank v. Insurance Co. of North

24 America, 623 F.2d 1371, 1375 (9th Cir. 1980) (finding that the district court did not abuse its

25 discretion when it severed certain plaintiff's claims without finding improper joinder)).  Under

26 Rule 20(b), the district court may sever claims or parties in order to avoid prejudice.  Fed. R.

27 Civ. P. 20(b).  Courts have also exercised their discretion to sever where "[i]nstead of making

28 the resolution of [the] case more efficient . . . joinder would instead confuse and complicate

the issues for all parties involved." <u>Wynn v. National Broadcasting Company</u>, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the Court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]") (citing <u>Coleman</u>, 232 F.3d at 1296).

The proper remedy for misjoinder is to sever misjoined parties and dismiss claims against them, provided that "no substantial right will be prejudiced by the severance." <u>Coughlin</u>, 130 F.3d at 1350.

## II.      Defendants Should be Severed

Defendant X argues that Plaintiff improperly joined the putative defendants because the alleged conduct was not part of the same transaction or occurrence, and that concerns of judicial efficiency and fairness to the parties counsel in favor of the Court exercising its discretion to sever.  Defendant 30 further argues that the "swarm joinder" theory alleged by Plaintiff fails to meet the requirements for joinder under Federal Rule of Civil Procedure 20 (a)(2).  The Court agrees.

Plaintiff's "swarm joinder" theory, namely that use of the same peer-to-peer network to download the same files constitutes the same "transaction or occurrence," has been met with mixed results in the courts.  However, the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder.  <u>See, e.g.</u>; <u>Hard Drive Prods. v. Does 1-188</u>, 809 F. Supp. 2d 1150, 1160 (N.D. Cal. 2011); <u>Pacific Century Int'l Ltd. v. Does 1-101</u>, No. 11-02533, 2011 WL 2690142 (N.D. Cal. July 8, 2011); <u>Diabolic Video Productions, Inc. v. Does 1-2099</u>, No. 10-5865, 2011 WL 3100404 (N.D. Cal. May 31, 2011); <u>Millennium TGA, Inc. v. Does 1-21</u>, No. 11-2258, 2011 WL 1812786 (N.D. Cal. May 12, 2011).  <u>But see</u> <u>Liberty Media Holdings, LLC v. Does 1-62</u>, No. 11-CV-575, 2012 WL 628309 (S.D. Cal. Feb. 24, 2012) (permitting joinder at early stages of litigation); <u>Call of the Wild Movie v. Does 1-1,062</u>, 770 F.Supp.2d 332, 338 (D.D.C. Mar. 22, 2011) (permitting joinder because Rule 20(1)(2)(A) "essentially requires claims asserted against joined parties to be 'logically related'..[and that] [t]his is a flexible test and courts seek the 'broadest possible

scope of cation.'"(internal citation omitted.)).  Additionally, "[c]ourts around the country . . . have found that allegations that Doe defendants used the same peer-to-peer network to infringe a plaintiff's copyrighted works are insufficient for joinder of multiple defendants under Rule 20." Boy Racer, Inc. v. Does 1-60, No. 11-01738, 2011 WL 3652521, at *4-5 (N.D. Cal. August 19, 2011); see, e.g., Laface Records, LLC v. Does 1 - 38, No. 07-CV-298, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); Interscope Records v. Does 1-25, No. 04-CV-197, 2004 WL 6065737 (M.D. Fla. Apr. 1, 2004) (recommending sua sponte severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); see also BMG Music v. Does, No. 06-01579, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); Twentieth Century Fox Film Corp. v. Does 1-12, No. 04-04862 (N.D. Cal. Nov. 16, 2004) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert).

Moreover, while Plaintiff alleges that Doe Defendants all reproduced the same file using the same peer-to-peer network, the factual connection between their conduct ends there. Plaintiff's claims that the defendants conspired to infringe the copyrighted work are "wholly conclusory and lack any facts to support an allegation that defendants worked in concert to violate plaintiff's copyrights." IO Group v. Does 1-19, No. 10-03851, 2010 WL 5071605, at *3 (N.D. Cal. Dec. 7, 2010).  Even assuming the validity of Plaintiff's theory, the Complaint fails to allege facts demonstrating that Doe Defendants actually shared the same file with one another, even unintentionally.  Indeed, the alleged infringing conduct of each Doe Defendant

occurred as much as a month apart. (Doc. No. 1-2, Compl. Ex. A.) Because "a downloader may log off at any time, including before receiving all the pieces of the copyrighted work," the fact that Defendants allegedly shared the same file at different times does not satisfy the requirements for joinder absent more than a mere conclusory allegation of collusion. <u>Malibu Media v. John Does 1-10</u>, No. 12-CV-3623 (C.D. Cal. June 27, 2012) (No. 7); <u>see Malibu Media LLC v. John Does 1-10</u>, No. 12-CV-01642 (C.D. Cal. Oct. 10, 2012) (No. 32) (severing and dismissing defendants where, because alleged conduct occurred at different dates and times, "there [was] no indication that Defendants in each case had any knowledge of or direct contact with one another"); <u>DigiProtect USA Corp. v. Doe</u>, No. 10-CV-8760, 2011 U.S. Dist. LEXIS 109464, at *8-9 (S.D.N.Y. Sept. 26, 2011) (declining to treat Does as having conspired in part because complaint did not allege that Doe defendants accessed the peer-to-peer network at overlapping times). "To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." <u>In re EMC Corp., Decho Corp, & Iomega Corp.</u>, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Where "the only factual allegation connecting the defendants [is] the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work[, that allegation is] insufficient for joinder of multiple defendants under Rule 20." <u>Boy Racer</u>, 2011 WL 3652521 at *2 (citing <u>IO Group</u>, 2010 U.S. Dist. LEXIS 133717 (internal quotation marks omitted)); <u>cf. In re EMC Corp., Decho Corp, & Iomega Corp.</u>, 677 F.3d at 1357 ("[T]he mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and invalidity."). Severance is proper even though the Doe Defendants allegedly used BitTorrent, a file sharing protocol with the potential to allow many users to simultaneously exchange pieces of a file as a "swarm," rather than older peer-to-peer networks that relied on more discrete transactions. <u>Boy Racer</u>, 2011 WL 3652521 at *4. Doe Defendants' alleged conduct therefore lacks the type of "very definite logic relationship" required to permit joinder. <u>Bautista</u>, 216 F.3d at 842-843.

   Moreover, at this stage of the litigation, the limited commonality between Defendants'

alleged conduct indicates that individual facts and defenses as to each defendant will predominate and joinder would likely confuse and complicate the issues.  See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at *11-12 (E.D. N.Y. May 1, 2012).  The Court concludes that the interests of avoiding undue prejudice and jury confusion, as well as judicial efficiency and fundamental fairness, are better served by severing these defendants and requiring Plaintiff to file separate cases against each defendant individually. Plaintiff may always seek to have the cases consolidated at a later stage in the litigation if it appears that consolidation is the more expedient approach.  See In re EMC Corp., Decho Corp, & Iomega Corp., 677 F.3d at 1360 ("[E]ven if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only 'a common question of law or fact.'").  Accordingly, the Court exercises its discretion and determines that severance is proper.  See Coleman, 232 F.3d at 1296.

### Conclusion

The Court **GRANTS** Defendants' motion and severs all defendants except Doe Defendant at IP address 1.74.65.4.56 (listed as Doe No. 1 in Exhibit A to the Complaint).  The Court dismisses the claims against the severed Doe Defendants without prejudice to Plaintiff refiling through separate complaints. As such, the Court hereby **VACATES** the hearing date scheduled on Friday, February 22, 2013.

**IT IS SO ORDERED**.

DATED:  February 13, 2013

HON. GONZALO P. CURIEL
United States District Judge